**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| JAMES RAY THOMPSON | ) | |
| ADC # 148592 | ) | |
|     Petitioner, | ) | **Case No. 5:13-CV-00231 KGB-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**Instructions**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by James Ray Thompson. (Doc. Nos. 1, 20).  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On August 26, 2010, Petitioner was convicted of two counts of rape.  Although the jury recommended that his two 120-month sentences run concurrently, the judge chose to make them run consecutively.  Petitioner appealed that conviction, arguing that 1) the trial court erred in denying a motion to suppress his confession and 2) the trial court abused its discretion when it ordered his sentences to run consecutively.  His appeal was denied by the Court of Appeals, and the Arkansas Supreme Court denied review on December 1, 2011.

On January 30, 2012, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1, alleging that 1) his trial counsel was ineffective for failing to conduct an adequate pretrial investigation and failing to meaningfully challenge the prosecution's case, 2) he was denied due

process because he was convicted of crimes he did not commit, and 3) his consecutive sentences were cruel and unusual.  His petition was denied on March 16, 2012.  His appeal to the Arkansas Supreme Court was denied on April 25, 2013. *Thompson v. State*, 2013 Ark. 179, at 3 (per curiam).

### Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) his consecutive sentencing violates the Eighth Amendment, 2) he was denied due process when the trial court denied his motion to suppress his confession, 3) he was denied the effective assistance of counsel at the trial and post-conviction levels, and 4) he was denied due process because he is actually innocent of the crimes for which he was convicted.  However, his claims fail because they are without merit.

Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  "A state court decision involves an 'unreasonable application' [of federal law] when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the

granting of a writ of habeas corpus.'" *Id.* (quoting *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)) (internal citations omitted).

Petitioner's first claim is without merit because consecutive sentences do not violate the Eighth Amendment simply through their existence alone. *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).  The fact that the combined length of his two sentences was well below the statutory maximum for each individual sentence also contradicts any claims that his sentence was cruel and unusual.  The Arkansas Supreme Court's decision on this issue cannot be disturbed under 28 U.S.C. § 2254(d).

To the extent Petitioner argues that the trial judge lacked the authority to disregard the jury's recommendation, this argument is based on state law and is thus unreviewable.  Federal habeas relief requires petitioners to show they are "in custody in violation of the *Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2241(c)(3) (emphasis added).  The judge's actions also appear to have been in accordance with Arkansas law.

Petitioner's second claim argues that his confession should have been ruled inadmissible because he was too intoxicated to knowingly, intelligently, and voluntarily waive his constitutional rights.  Petitioner indicated that he had smoked two marijuana blunts approximately sixteen hours before his police interview (the night before the interview took place).  Both detectives opined that he was not intoxicated at the time of his confession, and Petitioner has done little to combat that assessment.  He indicated that he understood his rights and signed a form stating that he did.  Petitioner was also lucid enough to change his story during his interview on multiple occasions.  Petitioner's confession is not automatically rendered involuntary simply because he may have been under the residual influence of drugs. *See United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990). "Rather, [Petitioner] must show his

intoxication caused his will to be *overborne*." *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008).  The defendant in *Casal* had not slept for five days and had recently used drugs. Yet, the court found that it was reasonable to find his statements voluntary because the arrestee "did not appear to be intoxicated and talked coherently." *Casal*, 91 F.2d at 1229. Petitioner "points to nothing in the record indicating his state of intoxication was so severe his will was overborne," and the Arkansas Supreme Court's opinion cannot be disturbed through habeas review. *Howard*, 532 F.3d at 763.

Petitioner's ineffective assistance of counsel claims are based on conclusory assertions and without merit.   The Arkansas courts correctly identified *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as the appropriate rule for reviewing Petitioner's ineffective assistance of counsel at trial claims, so Petitioner must demonstrate that the court's application of *Strickland* was objectively unreasonable. *Jackson*, 651 F.3d at 925.

In order to succeed on his ineffective assistance of counsel claims, Petitioner must have shown both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland*, 466 U.S. at 687.  To establish deficient performance, he must have demonstrated that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689.  With respect to prejudice, Petitioner must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).  Given the overwhelming amount of evidence that was presented at trial, Petitioner has failed to demonstrate sufficient prejudice, and the underlying state convictions cannot be disturbed when viewed through § 2254's lens.  The Court also notes that Petitioner did not have any constitutional right to postconviction counsel.

Finally, Petitioner seems to make several potential claims that stem from the premise that he is actually innocent of the crimes for which he was convicted.  Assuming arguendo that he can make a freestanding claim of actual innocence, his claim is without merit. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.").  Actual innocence is an extremely rare avenue for relief even when it is merely used as a gateway to excuse the procedural default or untimeliness of another claim.  To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). Given the amount of evidence and his confession, Petitioner has failed to provide any compelling evidence regarding his innocence.  Thus, the Court finds that he has failed to demonstrate his innocence or any constitutional violations stemming from that innocence.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 20) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 18th day of September, 2014.

_____

United States Magistrate Judge